UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ALBERTO ACOSTA, and<br>EDEY REYES<br><br>Plaintiffs,<br><br>v.<br><br>REPUBLIC SERVICES OF FLORIDA, LP<br><br>Defendant. | Case No.: |

**- COMPLAINT AND DEMAND FOR JURY TRIAL -**

Plaintiffs ALBERTO ACOSTA and EDEY REYES by and through the undersigned counsel, hereby file this Complaint against the above-named Defendant, REPUBLIC SERVICES OF FLORIDA, LP.

**NATURE OF THE CASE**

1. This is an action brought by Plaintiffs ALBERTO ACOSTA, and EDEY REYES (hereafter "Plaintiffs") against their former employer, Defendant REPUBLIC SERVICES OF FLORIDA, LP (hereafter referred to as "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiffs' employment, Defendant engaged in the practice of systematically deducting 30-minute meal periods from Plaintiffs time even though Plaintiffs worked through lunch. Additionally,

as drivers, Plaintiffs performed duties prior and subsequent to their scheduled trips, but were not compensated accordingly.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Hillsborough County has the closest nexus with the cause considering the residency of the Plaintiffs and the several places in which Defendant conducted business.

## PARTIES

5. Plaintiff ALBERTO ACOSTA, a resident of Hernando County, was a former employee of Defendant REPUBLIC SERVICES OF FLORIDA, LP who worked in Hudson, Florida.

6. Plaintiff EDEY REYES, a resident of Hillsborough County, was a former employee of Defendant REPUBLIC SERVICES OF FLORIDA, LP who worked in South Florida.

7. Defendant REPUBLIC SERVICES OF FLORIDA, is a Foreign Limited Partnership organized and existing under and by virtue of the laws of the state of Florida.

## COVERAGE

8. Defendant REPUBLIC SERVICES OF FLORIDA, LP is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

9. Upon information and belief, Defendant's individual annual gross volume of sales exceeded $500,000/year at all relevant times.

10. Defendant REPUBLIC SERVICES OF FLORIDA, LP is an employer within the definition of the FLSA, 29 U.S.C. § 203.

11. During the term of their employment, Plaintiffs were engaged in commerce and were therefore subject to the individual coverage of the FLSA, 29 U.S.C. § 206.

12. The services performed by Plaintiffs were essential, necessary, and an integral part of the business conducted by Defendant.

13. Plaintiffs were covered employees for purposes of the FLSA pursuant to 29 U.S.C. §§ 207 and 206.

## FACTUAL BACKGROUND

**Alberto Acosta**

14. Plaintiff ALBERTO ACOSTA was employed by Defendant from February 2015 to November 2015.

15. Plaintiff ALBERTO ACOSTA held a driver position at the time of separation.

16. Plaintiff ALBERTO ACOSTA was paid a day rate of $120 a day.

17. During his employment with Defendant, Plaintiff ALBERTO ACOSTA was classified as non-exempt.

18. Plaintiff ALBERTO ACOSTA did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

19. Defendant systematically deducted 30-minute meal periods from ALBERTO ACOSTA's time even though Plaintiff worked through lunch.

20. Additionally, Plaintiff performed duties prior and subsequent to his scheduled trips such as inspections and cleanings, but was not compensated accordingly.

21. During the period covered by the employment, Plaintiff ALBERTO ACOSTA worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

22. Prior to the completion of discovery and to the best of Plaintiff ALBERTO ACOSTA's knowledge, it is estimated that he worked 17 hours of overtime per week.

23. Defendant was aware that Plaintiff ALBERTO ACOSTA was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

24. Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

25. Plaintiff ALBERTO ACOSTA's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516.

26. The accuracy, completeness, and sufficiency of such records is unknown at this time.

**Edey Reyes**

27. Plaintiff EDEY REYES was employed by Defendant from April 2014 to February 2016

28. Plaintiff EDEY REYES held a driver position at the time of separation.

29. Plaintiff EDEY REYES was paid a day rate of $156 a day.

30. During his employment with Defendant, Plaintiff EDEY REYES was classified as non-exempt.

31. Plaintiff EDEY REYES did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

32. Defendant systematically deducted 30-minute lunch periods from EDEY REYES's time even though Plaintiff worked through lunch.

33. Additionally, Plaintiff performed duties prior and subsequent to his scheduled trips such as meetings, inspections and/or cleanings, but was not compensated accordingly.

34. During the period covered by the employment, Plaintiff EDEY REYES worked in excess of forty (40) hours in a workweek and was not

compensated at the statutory rate of one and one-half times his regular rate of pay.

35. Prior to the completion of discovery and to the best of Plaintiff EDEY REYES's knowledge, it is estimated that he worked 20 hours of per week.

36. Defendant was aware that Plaintiff EDEY REYES was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

37. Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

38. Plaintiff EDEY REYES's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516.

39. The accuracy, completeness, and sufficiency of such records is unknown at this time.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

40. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1 through 39 above.

41. Defendant failed to pay Plaintiffs properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

42. Plaintiffs are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) in a workweek.

43. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request judgment against Defendant, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorney's fees and costs as provided by 29 U.S.C. § 216(b); and

e. Any further relief the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

44. Plaintiffs request a jury trial to the extent authorized by law.

Dated: April 20, 2017.                             Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone (813) 333-1322
Fax (866) 593-6771
E-mail: cynthia@wagesdue.com
Attorneys for Plaintiffs

**s/ Cynthia Gonzalez**
Cynthia M. Gonzalez
Florida Bar No. 53052

**s/ Luis R. Amadeo**
Luis R. Amadeo
Florida Bar No. 0565865
Attorney for Plaintiff